UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
THE DISTRICT OF COLUMBIA,           )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 09-751 (RBW)
                                    )
ZACHARY NAHASS and                  )
TYRKA & ASSOCIATES, LLC,            )
                                    )
            Defendants.             )
_____ )

**MEMORANDUM OPINION**

The District of Columbia (the "District"), a municipal corporation and the plaintiff in this civil case, seeks an award of attorneys' fees that were incurred by the District of Columbia Public Schools in an administrative proceeding conducted pursuant to the Individuals with Disabilities Education Act (the "Act"), 20 U.S.C. § 1415(i)(3)(B)(i) (2006).[1] Complaint (the "Compl.") ¶¶ 31-42. Currently before the Court is the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to state a claim upon which relief can be granted, along with their own request for an award of costs and attorneys' fees. After carefully considering the District's complaint, the defendants' motion to dismiss, and all memoranda of law relating to that motion,[2] the Court concludes for the reasons that follow that it must grant the defendants' motion to dismiss but deny their motion for attorneys' fees.

---

[1] For ease of reference, and unless otherwise noted, the Court refers to the District of Columbia and the District of Columbia Public Schools collectively as the "District" for purposes of this memorandum opinion.

[2] In addition to the plaintiff's Complaint and the Defendants' Motion to Dismiss and for Costs and Fees (the "Defs.' Mot."), the Court considered the following documents in rendering its decision: (1) the Memorandum in Support of Defendants' Motion to Dismiss and for Costs and Fees (the "Defs.' Mem."); (2) the Plaintiff's Opposition to Defendants' Motion to Dismiss and for Costs and Fees (the "Pl.'s Opp'n"); (3) the Defendants' Reply Regarding
(continued . . .)

# I. Background[3]

During the 2007-08 school year, the District identified P.M., a minor child, "as a student with a disability [who was] eligible for certain special education services" under the Act. Compl. ¶ 7. The District thereafter determined that as part of P.M.'s individualized educational program,[4] P.M. would "receive[] specialized instruction at [the] Rock Creek Academy during the 2007-08 school year," id. ¶ 8, at the District's expense, id. ¶ 6. As required by the Act, the District "convened a [m]ultidisciplinary [t]eam" (the "Team") on June 17, 2008, "to evaluate P.M.'s educational progress at [the] Rock Creek Academy." Id. ¶ 9. The Team recommended, inter alia, that "P.M. receive a comprehensive psychological evaluation and a speech and language evaluation." Id. ¶ 11. Three months later, defendants Zachary Nahass and Tyrka & Associates, LLC filed a due process complaint with the Student Hearing Office of the Office of the State Superintendent of Education on behalf of P.M. and her mother, Lorraine Matthews, alleging that the District "fail[ed] . . . to [timely] conduct and review evaluations in all areas of

---

(. . . continued)
Motion to Dismiss and for Costs and Fees; (4) the Plaintiff's Notice of Supplemental Authority; (5) the Defendants' Reply to Plaintiff's Notice of Supplemental Authority; (6) the Defendants' Notice of Supplemental Authority Regarding Defendants' Motion to Dismiss and For Costs and Fees; (7) the Plaintiff's [] Response to Defendants' Supplemental Memorandum and [] Notice of Further Supplemental Authority; and (8) the Defendants' Reply to Plaintiff's [] Response to Defendants' Supplemental Memorandum and [] Notice of Further Supplemental Authority.

[3] The relevant facts of this case are taken from the Complaint and documents incorporated by reference in the Complaint.

[4] An individualized educational plan is a "written statement for each child with a disability that is developed, reviewed, and revised in accordance with this section and that includes" various developmental assessments and educational goals for the student. 20 U.S.C § 1414(d)(1)(a)(i). A State or local educational agency will rely upon the individualized educational plan to provide a student with the free appropriate public education that they are entitled to under law. See, e.g., Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 520 (2007) (noting that the Act "requires that the school district provide [the student] with a free appropriate public education, which must operate in accordance with the [individualized educational program]" (internal quotation marks omitted)).

suspected disability."[5]  Pl.'s Opp'n, Ex. D (Due Process Complaint) at 1; see also Compl. ¶ 12 (asserting before the hearing officer that the District "had failed to conduct the psychological and speech and language evaluations" that were recommended by the Team).

On September 25, 2008, approximately three weeks after the filing of the due process complaint, the District authorized the "independent evaluations of P.M. at [the District's] expense."  Id. ¶ 13.  Despite the District's willingness to subsidize the costs for the evaluations that were the subject of the due process complaint, Tyrka "continued the litigation to request an order finding that the student was denied [a free appropriate public education] as a result of the [District's] failure to complete [the] necessary evaluations in a timely manner."[6]  Id. ¶¶ 18-19; Pl.'s Opp'n, Ex. C (Transcript of Oct. 20, 2008 Hearing), at 7 ("[P.M.] asserts that the failure to do the evaluations between June 17th and September 12th when the complaint was filed was an unreasonable delay . . . and that the failure to do those evaluations amounts to a denial of [a free appropriate public education] to the student.").  An administrative hearing was convened thereafter on October 20, 2008.  Compl. at ¶¶ 15-16.

On October 26, 2008, the Hearing Officer dismissed the due process complaint, id. ¶ 20, concluding that Tyrka's request (on behalf of P.M.) for the evaluations "was mooted by [the District's] prompt authorization of independent comprehensive psychological and speech and language evaluations."  Pl.'s Opp'n, Ex. B (Hearing Officer's Decision, October 26, 2008), at 4.  Furthermore, in an attempt to address Tyrka's argument that the District's failure to timely

---

[5] For ease of reference, and unless otherwise noted, the Court refers to the defendants collectively as "Tyrka" for purposes of this memorandum opinion.

[6] A "free appropriate public education" is defined as "special education and related services that (A) have been provided at public expense, under public supervision and direction, and without charge; (B) meet the standards of the State educational agency; (C) include an appropriate preschool, elementary school, or secondary school education in the States involved; and (D) are provided in conformity with the [required] individualized education program." 20 U.S.C § 1401(9).

perform the evaluations resulted in the denial of a free and public education, the Hearing Officer concluded that there was no evidence that the District's delay in conducting the evaluations was unreasonable. Id. at 3. In support of that finding, the Hearing Officer found that there was no evidence that the District failed to carry out its statutory obligation to conduct an evaluation of P.M. every three years. Id. Additionally, the Hearing Officer concluded that while the Team did not give any reason for ordering the additional evaluations, the record before the officer reflected the fact "that neither [P.M.'s] disability classification nor the appropriateness of her educational program was in dispute," because she was "already receive[ing] the maximum level of services available for a child with her level of disability, . . . [and P.M.] is making satisfactory progress on her . . . goals" that were set forth in her individualized education program. Id. Thus, the Hearing Officer concluded that "the two evaluations recommended by the [Team] would have no meaningful impact on [P.M.'s] educational program," id. at 3-4, and, therefore, P.M. "suffered no educational harm as a consequence of the evaluations not having been conducted," id. at 4.

The District then filed the instant action on April 23, 2009. The District asserts that it was a "prevailing party" at the administrative proceeding, and thus it should be awarded attorneys' fees under the Act because the defendants, the District alleges, filed the complaint and pursued the litigation for impermissible purposes. See Compl. ¶ 33 (alleging that Tyrka's "filing of the due process complaint . . . was frivolous, unreasonable, and/or without foundation"); id. ¶ 37 (alleging that Tyrka's "continued pursuit of litigation in the administrative proceeding was frivolous, unreasonable, and/or without foundation"); id. ¶ 41 (alleging that Tyrka's "due process complaint was presented for an improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation"). More specifically, the District claims that Tyrka's due process complaint "was frivolous, unreasonable, [or] without foundation," because

4

they "filed the due process complaint a mere three months after the [Team] had recommended the evaluations, while P.M.'s school was in recess, and without any evidence of attempting to correspond with [the District] or showing that the evaluations would meaningfully impact P.M.'s educational program." Compl. ¶ 33. The District further asserts that Tyrka continued to litigate after "the litigation clearly became frivolous, unreasonable, [or] without foundation," id. ¶ 38, because the District had already authorized the independent evaluations," id. ¶ 37. Finally, the District argues that Tyrka filed the complaint "with an improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation," because the Hearing Officer had concluded that there was no "evidence that [Tyrka] had made P.M. available or attempted to contact [the District] regarding scheduling the evaluations," and that Tyrka failed to prove that P.M suffered any "education[al] harm . . . in the mere three months . . . while school was on summer recess." Id. ¶ 41.

Tyrka moves to dismiss the plaintiff's Complaint. They argue that the District was not a "prevailing party" in the administrative action because the Hearing Officer dismissed the due process complaint as moot after the District had authorized independent evaluations for P.M., Defs.' Mot. at 6, and that "it would be a perverse result to grant [the District] prevailing party status . . . because it voluntarily took action to correct a problem only after [a] parent filed a [due process] complaint," id. at 7. Tyrka further asserts that none of the facts alleged by the District in its Complaint establish that the due process complaint was frivolous when filed, filed for an improper purpose, or that the action became frivolous after the September 25, 2008 letter, id. at 9-18. Finally, Tyrka seeks attorneys' fees incurred in defending against this lawsuit, arguing that the District's "claims are unreasonable on their face, [and] because the District and its attorneys

5

are demonstrating a consistent pattern of bad faith, vexatious, litigation for oppressive reasons."[7] Id. at 18.

The District, not surprisingly, disputes each of Tyrka's positions, arguing that "the nature of the dismissal in [the District's] favor . . . demonstrates that [the District] was the prevailing party." Pl.'s Opp'n at 10. Furthermore, the District asserts that the due process complaint was frivolous and filed for an improper purpose because, inter alia, Tyrka "filed [the] complaint where there was no evidence of" P.M. having been denied a free appropriate public education. Id. at 14. As for Tyrka's request for an award of attorneys' fees, the District argues that Tyrka's claims of bad faith on the part of the District is based on nothing more than "inconsequential word-play," id. at 19, and "torturing the words of the complaint in . . . peripheral respects [that] provides no defensible basis for dismissal," id. at 20.

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a complaint has properly stated a claim upon which relief may be granted. Woodruff v. DiMario, 197 F.R.D. 191, 193 (D.D.C. 2000). For a complaint to survive a Rule 12(b)(6) motion, Federal Rule of Civil Procedure 8(a) requires that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," a plaintiff is required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57

---

[7] Tyrka raises two additional arguments for dismissing the District's Complaint. First, Tyrka contends that even if the District can establish its eligibility under the Act to be awarded attorneys' fees, the Court should nonetheless exercise its discretion not to award such fees to the District. Defs.' Mot. at 2. Second, they point out that the District is seeking "attorneys' fees incurred . . . in an administrative proceeding," Defs.' Mot. at 8, but has failed "to state what portion of the attorneys' time was spent 'in the administrative proceeding,'" id. at 9. Because the Court has determined, as indicated below, that the District does not qualify for attorneys' fees under the Act, it is unnecessary for the Court to address these two additional arguments.

(2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (citation omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). A complaint alleging facts which are "'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly 550 U.S. at 557) (internal quotation marks omitted).

In evaluating a Rule 12(b)(6) motion under this framework, "[t]he complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks and citations omitted), and the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice," E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997) (footnote omitted). Although the Court must accept the plaintiffs' factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. If "the [C]ourt finds that the plaintiffs have failed to allege all the material elements of their cause of action," then the Court may dismiss the complaint without prejudice, Taylor v. FDIC, 132 F.3d 753, 761 (D.C. Cir. 1997), or with prejudice, provided that the Court "determines that the allegation of other facts consistent with the challenged pleading could not

possibly cure the deficiency," Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (internal quotation marks and citations omitted).

### III. Legal Analysis

The issue before the Court is whether either party in this matter is entitled to attorneys' fees resulting from the opposing side's handling of this dispute. It is well-settled that "litigants in federal court must pay their own attorneys' fees." Parker v. Califano, 561 F.2d 320, 325 n.15 (D.C. Cir. 1977) (citing Alyeska v. Pipeline Co. v. Wilderness Society, 421 U.S. 240, 250 (1975)). The rule is subject to three established exceptions, two of which are relevant here.[8] Parker, 561 F.2d at 325 n.15. The first exception, relied upon by the District, is where "attorney[']s fees [are] authorized by statute," id., and here the District relies on 20 U.S.C. § 1415(i)(3)(B)(i), which allows for the recovery of attorneys' fees, provided that the District was a "prevailing party" at the administrative proceeding, and that Tyrka filed the due process complaint and pursued the litigation for impermissible purposes. The second exception, relied upon by Tyrka, allows for attorneys' fees where "the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. (internal quotation marks omitted). To be clear, a party that successfully establishes the applicability of these exceptions is not automatically entitled to an award of attorneys' fees; rather, the Court has discretion to decide whether an order granting attorneys' fees is appropriate in any given case. See 20 U.S.C. § 1415(i)(3)(B)(i) ("[T]he [C]ourt, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party" (emphasis added)); Alyeska Pipeline Service Co., 421 U.S. at 258-59 ("[A]

---

[8] The third exception to the general rule that a party must bear the costs of their attorneys' fees, which is not applicable here, is "the historic power of equity to permit the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorneys' fees, from the fund or property itself or directly from the other parties enjoying the benefit." Parker, 561 F.2d at 325 n.15 (quoting Alyeska Pipeline Service Co. 421 U.S. at 257).

court may assess attorneys' fees . . . when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (emphasis added)). With that framework in mind, the Court turns to each of the party's requests for attorneys' fees.

**A. The District's Claim for Attorneys' Fees.**

As noted above, the District seeks an award of attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i), which provides the following:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—
>
> . . .
>
> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
>
> (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

The threshold question the Court must resolve in determining whether the plaintiff is entitled to attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i) is whether the plaintiff was a "prevailing party" in the administrative action. "[T]he term 'prevailing party' is a legal term of art that requires more than achieving the desired outcome; the party seeking fees must also have been awarded some relief by the Court." District of Columbia v. Straus, 590 F.3d 898, 901 (D.C. Cir. 2010) (citing Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603 (2001)) (internal quotation marks and alterations omitted). It is not enough to establish "prevailing party" status when a party has "secured [a] favorable out-of-court settlement[]," as the other party's "voluntary actions . . . lack the necessary judicial imprimatur."

Id. at 901 (citing Buckhannon, 532 U.S. at 605). Nor is it enough that a party secures a favorable ruling on mootness grounds. Id. at 902 (concluding that the hearing officer's dismissal of the case on mootness grounds was "unaccompanied by judicial relief," because the school district had already agreed to provide the relief sought at the hearing); but see District of Columbia v. Jeppsen, 514 F.3d 1287, 1291 (D.C. Cir. 2008) (holding that the District was a "prevailing party" when one claim against it was dismissed as moot and another claim was dismissed on the merits). Rather, to establish "prevailing party" status under the Act, a party must satisfy a three-part test: "(1) there must be a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." Straus, 590 F.3d at 901 (citing Thomas v. Nat'l Sci. Found., 330 F.3d 486, 492-43 (D.C. Cir. 2003)). Furthermore, where a defendant is seeking to establish "prevailing party" status, that party need not establish a court-ordered change in the legal relationship of the parties. Id. ("Although we developed this test in connection with requests for fees by plaintiffs, we have applied its latter two requirements to requests by defendants as well."); Jeppsen, 514 F.3d at 1290 (D.C. Cir. 2008) (concluding that a defendant who obtains a dismissal on the merits qualifies as a "prevailing party," despite there not being any court-ordered change in the legal relationship of the parties).

Applying the Thomas test to the facts of this case, the Court finds that the District has sufficiently alleged that it is a "prevailing party" under the Act. Because the District was the defendant in the administrative proceeding, the first prong of the Thomas test is not applicable. Furthermore, the second prong of the test is easily satisfied because the District obtained a judgment in its favor when the administrative hearing officer dismissed P.M.'s due process complaint. As for the third prong, the Hearing Officer made a "judicial pronouncement . . .

accompanied by judicial relief," Straus, 590 F.3d at 901 (citing Thomas, 330 F.3d at 49), by issuing a finding in favor of the District that the three-month delay in authorizing the evaluations was not "unreasonable," and that because P.M. was "already receiv[ing] the maximum level of services available for a child with her level of disability, . . . [and P.M. was] making satisfactory progress on her . . . goals" that were set forth in her individualized educational plan, she did not suffer "educational harm as a consequence of the evaluations not having been considered."[9] Pl.'s Opp'n, Ex. B (Hearing Officer's Decision, October 26, 2008), at 3-4. The District, having satisfied all three prongs of the Thomas test, therefore qualifies as a "prevailing party" under the Act.

Tyrka's reliance on Straus for the proposition that the District is not a "prevailing party," while understandable at first blush, is misplaced. There, a disabled student filed a due process complaint "seeking an order requiring [the District] to pay for an independent psychiatric evaluation." Straus, 590 F.3d at 899. After the due process complaint was filed, the District authorized the independent evaluation prior to the hearing date, id. at 900, but the student proceeded with the hearing because he was also seeking "a declaration that [he] was denied a" free appropriate public education, id. at 901. The Hearing Officer determined that the case was moot because the District had authorized the independent psychiatric evaluation, id. at 900, and even though the Hearing Officer noted in his written decision that the student "suffered no educational harm," id. at 901, the circuit court ultimately held that the District was not a "prevailing party" under the Act, id. at 901-03.

---

[9] While the Hearing Officer also concluded the request for independent comprehensive psychological and speech/language evaluations "was mooted by the [District's] prompt authorization of [those] evaluations," Pl.'s Opp'n, Ex. B (Hearing Officer's Decision, October 26, 2008), at 4, this finding has no bearing on the District's status as a "prevailing party" due to the Hearing Officer having issued a decision on the merits. See Jeppsen, 514 F.3d at 1291.

11

While Straus contains a number of factual similarities with this case, a closer examination of that case reveals that not all is the same. The circuit court in Straus concluded that the Hearing Officer's finding that the student "suffered no educational harm" was mere "dicta," because that "portion of the Hearing Officer's decision . . . begins with a counterfactual subjective." Id. at 901 (highlighting the Hearing Officer's opinion that "'[t]he facts of this case suggest that even if [the District] had not authorized an independent evaluation, [the student] would have faced an uphill burden of proving' educational harm"). Thus, when "read in context," the circuit court found that the Hearing Officer's decision was not one "on the merits, but instead" was nothing more than "speculation about what might have happened had [the District] refused to provide the evaluation." Id. In contrast, the Hearing Officer's finding in this case that P.M. "suffered no educational harm," Pl.'s Opp'n, Ex. B (Hearing Officer's Decision, October 26, 2008), at 4, when read in context, can hardly be construed as "speculation." Indeed, the Hearing Officer made clear that "the two evaluations recommended by the [Team] would have no meaningful impact on [P.M.'s] educational program," id. at 3-4, because "neither [P.M's] disability classification nor the appropriateness of her educational program was in dispute," and she was "already receiv[ing] the maximum level of services available for a child with her level of disability, id. at 3. Unlike the administrative decision issued in Straus, the Hearing Officer did not use counterfactual subjective language in rendering his decision that suggested that he had no intent to issue a decision on the merits. Straus is, therefore, distinguishable from what occurred here.

But while the District qualifies as a "prevailing party" under the Act, the Court nonetheless concludes that the District has failed to allege facts necessary to conclude that Tyrka acted in a sanctionable manner under 20 U.S.C. § 1415(i)(3)(B)(i). There is no basis in law or

reason for the Court to conclude that the due process complaint was frivolous or unreasonable merely because Tyrka waited only three months after the Team recommended the evaluations before filing the complaint, or that they purportedly made no attempt to correspond with the District about the evaluations. Compl. ¶ 33. The Court is unaware of any case authority—and the District cites none—standing for the proposition that a party has either a duty to confer with the opposing party before filing a due process complaint, or a duty to abstain for a given amount of time before acting on a perceived denial of an educational service or benefit that is conferred by the Act. Likewise, the Hearing Officer's conclusion that there was no "evidence that [Tyrka] had made P.M. available or attempted to contact [the District] regarding scheduling the evaluations," Compl. ¶ 41, is simply irrelevant to the issue of whether Tyrka filed the due process complaint "to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation," 20 U.S.C. § 1415(i)(3)(B)(i)(III), absent Tyrka having a legal obligation to meet and confer with the District before filing the due process complaint. Again, the Court is unaware of any such authority saddling Tyrka with this responsibility.

Regarding the District's allegations that Tyrka filed the due process complaint "<u>without any evidence</u> . . . that the evaluations would meaningfully impact P.M.'s educational program," Compl. ¶ 33 (emphasis added), or that she suffered "educational harm," id. ¶ 41, this is simply not the case. The notes from the Team's meeting on June 17, 2008, which were attached as exhibits to the Hearing Officer's decision, identified a number of problems that presumably would be addressed through the psychological and speech/language evaluations that the Team recommended. See Pl.'s Opp'n, Ex. E (Individualized Education Program Meeting Notes), at 1 (concluding that P.M. "has some visual spatial difficulty" and "struggles" with her handwriting); id. at 2 (noting that P.M. "[i]s displaying some sad and stubborn behaviors"). While the Hearing

Officer ultimately relied on the numerous positive achievements in P.M.'s educational development in determining that she suffered no educational harm, there were enough concerns identified by the Team that reasonably would have caused Tyrka to conclude that the failure of the District to conduct or authorize the psychological and speech/language evaluations could cause harm to P.M. Therefore, on this record, the Court concludes that the District has not demonstrated that it should be awarded attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II).

The District also argues that it should be awarded attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II) because Tyrka acted frivolously and unreasonably when they continued to litigate the due process complaint after the District authorized the evaluations recommended by the Team. Compl. ¶ 37. This argument is without merit. While there is no question that the District's decision to fund P.M.'s evaluations rendered moot Tyrka's request for those evaluations, that decision had no effect on Tyrka's other requests for relief—i.e., a declaration that the failure to "timely . . . conduct and review all necessary evaluations" resulted in a denial of a free appropriate public education, along with an order requiring the District to convene a meeting of the Team "within 10 days of receiving the last of the independent evaluations." Pl.'s Opp'n, Ex. D (Due Process Complaint), at 1. Indeed, the declaratory relief that Tyrka sought at the administrative proceeding was not insignificant because a finding that the District failed to provide appropriate educational or related services would have entitled P.M. to compensatory educational services. See Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (Friedman, J.) (citing Hall v. Knott County Bd. of Educ., 941 F.2d 402, 407 (6th Cir. 1991); Miener v. Missouri, 800 F.2d 749, 753 (8th Cir. 1986); and Harris v. District of Columbia, Civil Action No. 91-1660, 1992 WL 205103 (D.D.C. Aug. 6, 1992) (Lamberth, J.)). And, as noted above, Tyrka had reason to believe that P.M. was entitled to compensatory educational services

based on the Team's report that P.M. continued to experience problems in her educational development. The District's claim for attorneys' fees under Section 1415(i)(3)(B)(i)(III) is therefore rejected.

### B. Tyrka's Claim for Attorneys' Fees.

Tyrka also moves for an award of attorneys' fees for their time spent in defending against the claims asserted by the District in the Complaint now before the Court. Defs.' Mot. ¶ 7. As noted above, the defendants can be awarded attorneys' fees if the plaintiff "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[10] Alyeska, 421 U.S. at 258-59. The District's actions in this case, however, do not rise to a level sufficient to warrant the exercise of the Court's discretion to award attorneys' fees. Although the Court concludes that the District cannot prevail on its claim for attorneys' fees, there is no evidence, and Tyrka provides none, that the District inappropriately sought relief under the facts of this case. In fact, the District had a reasonable belief that it could prevail in this litigation, in light of the Hearing Officer's erroneous but understandable conclusion that Tyrka "continued to litigate after it was apparent that the [due process c]omplaint had become groundless and after it was apparent that [the p]etitioner was entitled to no further relief from the Hearing Officer." Pl.'s Opp'n, Ex. B (Hearing Officer's Decision), at 4. The Court will, therefore, also deny Tyrka's motion for attorneys' fees.

### IV. Conclusion

The Court concludes that neither party is entitled to an award of attorneys' fees. Despite the fact that the District was a "prevailing party" in the administrative proceeding, the District

---

[10] To be clear, neither Nahass or Tyrka & Associates can seek attorneys' fees under the fee-shifting provisions of the Act because they are not "parent[s] of a child with disabilities," nor are they "a State educational agency or local educational agency." 20 U.S.C. § 1415(i)(3)(B)(i)(I)-(III).

has failed to adequately assert that Tyrka acted in a manner proscribed under the Act. Furthermore, Tyrka has failed to meet their burden of proving that the District acted in a manner entitling P.M's mother to attorneys' fees. Accordingly, the Court will dismiss the District's Complaint and deny Tyrka's motion for attorneys' fees.

**SO ORDERED** this 30th day of March, 2010.[11]

REGGIE B. WALTON
United States District Judge

---

[11] An order will be issued contemporaneously with this memorandum opinion (1) dismissing the District's Complaint, (2) denying Tyrka's motion for attorneys' fees, and (3) closing this case.